ALEXANDER B. TRUEBLOOD (TX Bar No. 24100609)
TRUEBLOOD LAW FIRM
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone: (512) 537-0388
Facsimile: (512) 582-8516
Email: alec@hush.com

Attorneys for Plaintiff
RANDALL M. SMITH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS – MARSHALL DIVISION

| | |
|---|---|
| RANDALL M. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., QUALITY RECOVERY SERVICE, INC., and ALS RESOLVION, LLC,<br><br>Defendants. | Case No: 2:16-CV-1051-JRG-RSP<br><br>JURY<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE**<br><br>**(3) VIOLATIONS OF THE TEXAS MOTOR VEHICLE INSTALLMENT SALES ACT**<br><br>**(4) VIOLATIONS OF THE TEXAS UNFAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiff Randall M. Smith hereby complains against defendants JPMorgan Chase Bank, N.A.("Chase"), Quality Recovery Services, Inc. ("Quality"), and ALS Resolvion, LLC ("ALS"), and alleges as follows:

## OPERATIVE FACTS

1. Plaintiff purchased a vehicle from an auto dealership in Texas, primarily for personal, family or household use, and signed a retail installment sales contract which gave the dealership a security interest in the vehicle. The dealership assigned the retail installment sale contract and security interest to defendant Chase. Plaintiff subsequently fell behind on the contract payments.

2. Chase hired defendant ALS as its agent to repossess plaintiff's vehicle. ALS in turn hired defendant Quality as its agent, to repossess the vehicle. Quality arrived at plaintiff's home in Longview, Texas, with two men. Plaintiff's vehicle was in a closed garage. One of the men had on a pointed badge that simulated law enforcement. This man knocked on plaintiff's door, told plaintiff that he was a "security officer," and was there to "protect" the other repo man. The man demanded that plaintiff open the garage, and plaintiff refused. The man then spoke into a mobile radio on his person, and told the recipient of the radio transmission that he might need "backup." The man also told plaintiff that if he cooperated by opening the garage, plaintiff could pay his past due payments to Chase and immediately get the car back. Concerned that he might be arrested, and believing the man's story that he could get his car back quickly by paying the past due payments, plaintiff opened the garage and surrendered the keys to his car. Through this course of deceptive and threatening conduct, defendants breached the peace during the repossession, in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

3. Defendants Quality and ALS damaged plaintiff's vehicle during the repossession, which is also a breach of the peace in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

1

4. Plaintiff had personal possessions in the vehicle which defendants failed to return to plaintiff. In violation of Texas Occupations Code § 2303.151, defendants Quality and ALS failed to mail plaintiff a notice by certified mail, stating the information required by Tex. Occup. Code § 2303.153, including the amounts of storage and other charges plaintiff would have to pay when the vehicle was claimed, and the location of the storage facility.

5. In violation of Texas Finance Code § 348.407, Chase failed to issue plaintiff a notice within 15 days of discovering that there was personal property in the vehicle, informing plaintiff of how, where, and when he could claim his property inside the vehicle. Quality refused to respond to plaintiff's phone calls, and plaintiff was permanently deprived of his possessions in the vehicle.

6. Chase issued plaintiff a notice of intent to sell the vehicle, which did not grant plaintiff the right to reinstate the contract by paying the past due payments. Defendant Chase sold plaintiff's vehicle, and has assessed plaintiff a deficiency balance of approximately $20,000, which plaintiff does not owe.

## JURISDICTION AND VENUE

7. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in Longview, Texas, within this district, and both defendants are subject to the court's personal jurisdiction in this district because they do substantial business here.

## PARTIES

9. Plaintiff is a natural person over the age of 18 years and is a resident of the state of Texas.

10. Defendant Quality Recovery Services, Inc. is a Texas corporation

2

headquartered in Garland, Texas, and doing business in this district.

11.   Defendant JPMorgan Chase Bank, N.A. is a national bank doing business throughout the state of Texas.

12.   Defendant ALS Resolvion, LLC is a Delaware limited liability company doing business in this district.

13.   At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against Defendants Quality and ALS for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

14.   Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

15.   Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.  Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

16.   Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

17.   Defendants had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

18.   Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

19. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

20. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant Chase Bank for Violations of the UCC)**

21. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

22. Defendant Chase Bank violated Texas Bus. & Commerce Code § 9.609(b)(2) when its agents repossessed plaintiff's vehicle in breach of the peace.

23. Plaintiff is entitled to recover the actual damages caused by defendants' failure to comply with the Uniform Commercial Code, pursuant to Texas Bus. & Commerce Code §§ 9.625(b) and (c)(1).

24. Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to Texas Bus. & Commerce Code § 9.625(c)(2).

25. Defendant Chase is not entitled to collect a deficiency balance from plaintiff by operation of the absolute bar rule codified at Texas Bus. & Commerce Code §§ 9.626(b). Plaintiff therefore seeks an injunction pursuant to Texas Bus. & Commerce Code §§ 9.625(a) against defendant Chase restraining it from any collection efforts regarding the deficiency balance, including by reporting that plaintiff owes such a deficiency balance on plaintiff's credit reports.

26. By repossessing plaintiff's vehicle in breach of the peace, and failing to give him written notice of how to collect his personal items in the vehicle, defendant Chase breached the terms of the retail installment sales contract. Plaintiff

is therefore entitled to recover attorneys fees and costs pursuant to the terms of the contract, and applicable law, including Texas Civil Practice And Remedies Code § 38.001(8).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against Defendant Chase For Violations Of The Texas Motor Vehicle Installment Sales Act, Texas Fin. Code § 348.001 et seq.)**

27. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

28. Defendant Chase violated Texas Finance Code § 348.407, by failing to issue plaintiff a notice within 15 days of discovering that there was personal property in the vehicle, which informed plaintiff of the information required by that section.

29. Plaintiff is entitled to recover three times his actual economic loss caused by defendant's violations, pursuant to Texas Finance Code § 349.003(a)(1).

30. Plaintiff is entitled to reasonable attorneys' fees, pursuant to Texas Finance Code § 349.003(b).

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
**(Against All Defendants For Violations Of The Texas Fair Debt Collection Practices Act, Texas Finance Code § 392.001 et seq.)**

31. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

32. Plaintiff is a consumer within the meaning of Tex. Fin. Code § 392.001(1).

33. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6), in that they directly or indirectly engage in actions, conduct, or practices in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

34. Defendant Quality violated Tex. Fin. Code § 392.301(a)(5) by

5

threatening that plaintiff would be arrested for nonpayment of a consumer debt, without proper court proceedings.

35. Defendant Quality violated Tex. Fin. Code § 392.301(a)(6) by threatening to file a charge, complaint, or criminal action against plaintiff when he had not violated a criminal law.

36. Defendant Quality violated Tex. Fin. Code § 392.301(a)(7) by threatening that nonpayment of a consumer debt would result in the seizure, repossession, or sale of plaintiff's property without proper court proceedings.

37. Defendant Quality violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt.

38. Defendant Quality violated Tex. Fin. Code § 392.304(a)(9) by representing falsely that it was vouched for, bonded by, or affiliated with, or was an instrumentality, agent, or official of, this state or an agency of federal, state, or local government.

39. Defendant Quality violated Tex. Fin. Code § 392.304(a)(11) by using a seal, insignia, or design that simulates that of a governmental agency.

40. Defendant Quality violated Tex. Fin. Code § 392.304(a)(14) by representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business.

41. Defendant Quality violated Tex. Fin. Code 392.304(a)(19) by using false representations and/or deceptive means to collect a debt.

42. Defendants Chase and ALS are vicariously liable for the violations of the Texas Finance Code of their agent, defendant Quality.

43. Plaintiff is entitled to actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2).

44. Plaintiff is entitled to reasonable attorneys fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages, including economic harm and mental anguish;
2. For statutory damages;
3. For treble damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and Texas constitutions.

Dated: April 3, 2017

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
     Alexander B. Trueblood

Lead Attorney for Plaintiff
RANDALL M. SMITH

TX Bar No. 24100609
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone: (512) 537-0388
Facsimile: (512) 582-8516
Email: alec@hush.com