UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | | |
|---|---|---|
| RANDALL M. SMITH | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16-CV-1051 |
| | ) | |
| JP MORGAN CHASE BANK, N.A. and | ) | |
| QUALITY RECOVERY SERVICE, INC. | ) | |
| *Defendants* | ) | |

**DEFENDANT JP MORGAN CHASE BANK, N.A.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JP MORGAN CHASE BANK, N.A., Defendant in the above entitled and numbered cause, and files this its Answer to Plaintiff's First Amended Complaint and in support thereof would respectfully represent and show unto the Court the following:

**ANSWER**

1.     Defendant admits the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 2 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Services, Inc. or ALS; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).  Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 3 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Services, Inc. or ALS; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).  Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Services, Inc. or ALS; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).  Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 5 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Services, Inc.; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant does not admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint that Defendant issued a notice of intent to sell the vehicle, Defendant sold Plaintiff's vehicle, and Defendant assessed a deficiency balance against Plaintiff which is justly due

and owed.  Defendant does not admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint; therefore, Defendant makes no response to those allegations or, in the alternative, denies same.

11.      Defendant admits the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint; therefore, Defendant makes no response to those allegations or, in the alternative, denies same, except to the extent that they have been admitted in preceding paragraphs.

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 13 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc. or ALS; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is

required by Federal Rule of Civil Procedure 8(b)(6). Defendant does not admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6), except to the extent that they have been admitted in preceding paragraphs.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 15 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc. or ALS; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant does not admit or deny the remaining allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 16 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc. or ALS; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 17 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc. or ALS; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

19.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6), except to the extent that they have been admitted in preceding paragraphs.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6), except to the extent that they have been admitted in preceding paragraphs.

28.     Defendant does not admit or deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6), except to the extent that they have been admitted in preceding paragraphs.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 33 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc. or ALS; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant does not admit or deny the remaining allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 34 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc.; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 35 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc.; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 36 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc.; therefore, Defendant makes no

response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 37 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc.; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 38 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc.; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 39 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc.; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in

Paragraph 39 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 40 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc.; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 41 of Plaintiff's First Amended Petition relating to contentions against Quality Recovery Service, Inc.; therefore, Defendant makes no response to those allegations or, in the alternative, denies same to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the remaining allegations contained in Paragraph  41 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

42.     Defendant does not admit or deny the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

43.     Defendant denies the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6).

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint to the extent such denial is required by Federal Rule of Civil Procedure 8(b)(6). Defendant denies the prayer of Plaintiff's First Amended Complaint.

## **DEFENSES**

1.      Plaintiff is not entitled to recover from Defendant as Defendant has caused him no injury.

2.      Defendant denies that its actions were a proximate cause, producing cause or legal cause of any damage as alleged by Plaintiff.  Rather, any damages were caused by Plaintiff's own actions, or the actions of third parties over which Defendant has no control.

3.      Defendant avers that Plaintiff's injuries and damages, if any, were solely and proximately caused or contributed to by the actions and/or inactions of Plaintiff and were not caused by or through any fault or improper actions on the part of Defendant, and, therefore, Plaintiff is not entitled to recover from Defendant.

4.      Defendant avers that any violation of the Texas Fair Debt Collection Act or the Federal Unfair Debt Collection Practices Act, which violations this Defendant expressly denies, was a bone fide mistake and/or a good-faith error and further, that Defendant has adopted reasonable procedures to avoid any such error.

5.      Defendant specifically denies that all conditions precedent to Plaintiff's claim against Defendant have been met.

6.      Defendant asserts that Plaintiff has failed to mitigate his damages and/or injuries, if any.

7.      Defendant specifically denies that Plaintiff has demanded the return of Plaintiff's property that he alleges was wrongfully acquired by Defendant.

8.      Defendant specifically denies that Plaintiff has requested or that Defendant has failed to provide Plaintiff with notice of how to collect his personal items that Plaintiff alleges were wrongfully acquired by Defendants.

9.      Defendant avers that it did not threaten or coerce Plaintiff, but exercised its

contractual right of seizure, repossession, or sale of Plaintiff's property, which did not require court proceedings.  *See* TEX. FIN. CODE §392.301(b)(3); *e.g. McCaig v. Wells Fargo Bank*, 788 F.3d 463, 477-78 (5th Cir. 2015).

      10.    Defendant raises each and every affirmative defense required to be pled by applicable Rules of Civil Procedure and substantive law should said defenses become applicable as this action proceeds.  Defendant specifically reserves the right to amend its answer and defenses with any and all defenses as discovery dictate.

      WHEREFORE, PREMISES CONSIDERED, and fully answered, Defendant hereby demands judgment dismissing Plaintiff's First Amended or that upon final trial and hearing hereof that no recovery be had from Defendant, but that Defendant go hence without delay and recover its costs, and for further relief to which Defendant is justly entitled and will ever pray.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

BY:   /s/ Brett H. Payne
        BRETT H. PAYNE - 00791417
        Great Hills Corporate Center
        9020 N. Capital of Texas Hwy
        Building II, Ste 225
        Austin, Texas 78759
        Tel: 512-472-9000
        Fax: 512-472-9002
        Email: paynevfax@wbclawfirm.com

        ATTORNEY FOR DEFENDANT
        JP MORGAN CHASE BANK, N.A.

## CERTIFICATE OF SERVICE

This is to certify that on this the 26th day of April, 2017, a true and correct copy of the foregoing has been forwarded to all counsel of record.

/s/ Brett H. Payne
BRETT H. PAYNE